UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BUCKIE LYN WRIGHT, | ) | 1:05-CV-00419 OWW GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| DARYL ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on June 28, 2002, of one count of continuous sexual abuse in violation of California Penal Code § 288.5. See Lodged Doc. No. 1.[1] In addition, the allegation that there was substantial sexual conduct within the meaning of California Penal Code § 1203.066(a)(8) was found to be true. Id. On September 25, 2002, Petitioner was sentenced to serve a determinate term of twelve years in state prison. Id.

---

[1] "Lodged Doc." refers to the documentation lodged by Respondent with his answer.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA"). On March 16, 2004, the Fifth DCA affirmed the conviction in an unpublished opinion. See Lodged Doc. No. 4. Petitioner then filed a petition for review in the California Supreme Court on April 16, 2004. See Lodged Doc. No. 5. The petition was summarily denied on May 19, 2004. Id.

On March 30, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises the following two claims for relief: 1) Petitioner claims the trial court violated his due process rights when it instructed the jury on prior sexual acts pursuant to CALJIC No. 2.50.01 even though he was not charged with any prior sexual acts; and 2) He claims the trial court violated his due process rights by instructing the jury with CALJIC No. 10.60 which allowed the jury to convict him using a lesser standard of proof. Respondent filed an answer on June 28, 2005. Petitioner did not file a traverse.

## FACTUAL BACKGROUND[2]

For six or seven years, Petitioner lived with his girlfriend and her two children, T.L. and J. T.L. is the girlfriend's daughter from a previous relationship. J. is the son of Petitioner and his girlfriend.

Sometime in 1994, when T.L. was in first grade, Petitioner took T.L., his daughter A., and his son J. camping. They slept in a camper shell on the back of a pickup truck. T.L. awoke to find Petitioner touching the inside of her thigh. She did not move because she was scared. Petitioner then moved his hand inside her underwear and inserted his finger inside her vagina.

A couple of times, while living in the house in Visalia, Petitioner touched T.L.'s vagina with his fingers.

The touching continued after the family moved to Exeter. T.L. was in the second grade at the time. T.L. recalled that when she, Petitioner, J., and A. went swimming in a doughboy pool at the house in Exeter, Petitioner would pick the children up and throw them in the air. When he picked

---

[2] The factual summary of the case is derived from the unpublished opinion of the Fifth DCA of March 16, 2004, and the Reporter's Transcript Lodged on Appeal (hereinafter "RT"). See Lodged Docs. Nos. 4, 7.

T.L. up, he stuck his finger inside her bathing suit and inserted it inside her vagina for a couple of seconds before throwing her in the air. This happened on many occasions.

On another occasion, Petitioner took T.L. into her mother's bedroom and laid her on her back on the bed. He then took her pants off and inserted his tongue into her vagina. She was scared. After Petitioner stopped, she pulled her pants on and went outside.

The next touching occurred when T.L. was sick and stayed home from school. Her mother was at work. While T.L. watched television, Petitioner pretended to tickle her. His hands started on her thighs, then moved higher in between her legs, then rubbed her vagina over her clothing. Eventually, he stopped and she left the room.

Petitioner continued to touch T.L. at night, when her mother was at work. She did not recall the details because the touchings occurred so often. Each time, the touching involved Petitioner putting his finger into her vagina.

T.L. also testified about an incident which occurred on or about December 31, 1999. T.L. and A. were playing with their Barbie dolls inside their home while Petitioner was outside with T.L.'s mother. (RT 36.) Petitioner came in and placed his hand on her thigh and attempted to move his hand in between her legs. (RT 36.) T.L. stood up and asked, "Where's my mom?" (RT 36.) Petitioner told her she was in the camper, so T.L. went to the camper and woke her mother up. (RT 36.) Her mother was drunk and had passed out. (RT 36.) T.L. asked her mother to come inside and she did. (RT 36-37.) The mother came inside and became sick again, after which she went to her bedroom and got into bed. (RT 37.) T.L. then went back to the living room to pick up her toys. (RT 37.) After she did so, she sat down on the couch and Petitioner reentered the house. (RT 38.) He again attempted to place his hand between her thighs, but T.L. pushed his hand away. (RT 39.) T.L. got up and went back to her mother's room and Petitioner followed her. (RT 39.) T.L. attempted to wake her mother up while Petitioner stood in the doorway. (RT 40.) Petitioner eventually left and T.L. fell asleep in her mother's bed. (RT 40.)

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court

U.S. District Court
E. D. California         cd                                    4

must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537 U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

**A. Ground One**

In his first claim for relief, Petitioner alleges the trial court violated his due process rights by instructing the jury on prior sexual offenses pursuant to CALJIC No. 2.50.01 even though Petitioner was not charged with prior sexual offenses.

This claim was first presented on direct appeal to the Fifth DCA and rejected in a reasoned, unpublished opinion. See Lodged Doc. No. 4. The claim was then presented to the California Supreme Court in a petition for review and it was summarily denied. See Lodged Doc. No. 5. The California Supreme Court, by its "silent order" denying review of the Fifth DCA's decision, is presumed to have denied the claims presented for the same reasons stated in the opinion of the Fifth DCA. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting this claim, the Fifth DCA found the instruction as given was a correct statement of law and was appropriate in this case.

CALJIC No. 2.50.01 as given, states:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case.
>
> 'Sexual offense' means a crime under the laws of a state or of the United States that involves any of the following:
>
> [A.] Any conduct made criminal by Penal Code section 288(a). The elements of this crime or these crimes are set forth elsewhere in these instructions.
> [B.] Contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person.
> [C.] Contact, without consent, between the genitals or anus of the defendant and any part of another person's body.
> [D.] Deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person.
>
> If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.
>
> However, if you find by a preponderance of the evidence that the defendant committed a prior sexual offenses [sic], that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. The weight and significance of the evidence, if any, are for you to decide.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

See Lodged Doc. No. 4.

The Fifth DCA analyzed Petitioner's claim as follows:

> [Petitioner's] argument was addressed and expressly rejected by the California Supreme Court in *People v. Reliford* (2003) 29 Cal.4th 1007. As the *Reliford* court pointed out, the instruction itself flatly states that "if you find by a preponderance of the evidence that the defendant committed a prior sexual offenses [sic], that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." "It seems abundantly clear to us . . . that the instruction adequately confines the weight and significance of uncharged offenses within constitutional bounds by warning . . . that the uncharged offense is 'not sufficient by itself to prove beyond a reasonable doubt that [defendant] committed the charged crime.'" (*People v. Reliford, supra*, 29 Cal.4th at p. 1014.)
>
> . . . .
>
> Appellant further contends that the giving of CALJIC No. 2.50.01 was error because there was no evidence of other, uncharged sexual acts. This is incorrect. The charged crimes were all alleged acts of digital penetration performed by appellant on the child. But the child also testified to an incident in which appellant "stuck his tongue in my vagina." Furthermore, all of the crimes testified to by T.L. took placed on "occasions other than that charged in" count 2. The jury could thus use that evidence to infer that appellant had a disposition to commit the count 2 alleged offense, even though the jury found appellant not guilty on count 2. The fact that the jury found appellant guilty on count 1 and not guilty on count 2 also demonstrates that the jury did not in fact simply use the earlier acts, even when proven beyond a reasonable doubt, to by themselves improperly infer guilt beyond a reasonable doubt.

See Lodged Doc. No. 4.

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. 62, 72 (1991). Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See United States v. Frady, 456 U.S. 152, 169 (1982), citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Furthermore, even if it is determined that the instruction violated the petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.); see also Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). A jury instruction is constitutionally sound if it creates a permissive inference that allows, but does not require, the jury to infer an essential fact from proof of another fact so long as "the inferred fact is more likely than not to flow from the proved fact on which it is made to depend." Schwendeman v. Wallenstein, 971 F.2d 313, 316 (9th

Cir.1992) (citations and internal quotations omitted), cert. denied, 113 S.Ct. 975 (1993).

In this case, it is clear the instruction did not violate due process. As discussed by the appellate court, the instruction itself warned that uncharged offenses by themselves are insufficient to prove beyond a reasonable doubt that a defendant committed the charged offense. In addition, Petitioner fails to show prejudice. The fact that the jury found Petitioner guilty in count 1 and not guilty in count 2 shows that the jury did not rely on the earlier acts to infer guilt beyond a reasonable doubt in count 2.

Thus, the rejection of this claim by the state courts was neither contrary to nor an unreasonable application of clearly established Federal law, nor an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).  The claim should be denied.

**B. Ground Two**

In his second and final claim for relief, Petitioner contends the trial court erred in instructing the jury with CALJIC No. 10.60.[3] He argues CALJIC No. 2.27[4] already informed the jury that the testimony of T.L., if accepted as true, sufficed to prove any point on which T.L. testified. He claims that giving CALJIC No. 10.60 in addition to No. 2.27 unreasonable singled out T.L.'s testimony and bolstered it.

The state courts flatly rejected this claim on the basis of a prior California Supreme Court case in People v. Gammage, 2 Cal.4th 693 (1992). In Gammage, the California Supreme Court held that "it is proper for the trial courts to give CALJIC No. 10.60 in addition to CALJIC No. 2.27 in cases involving sexual offenses." See Lodged Doc. No. 4.

Respondent correctly argues this claim fails to rise to the level of a federal habeas claim. This

---

[3]CALJIC No. 10.60 provides:
   It is essential to a finding of guilt on the charges of Lewd Act on a child younger than 14, and Continuous Sexual Abuse that the testimony of the witness with whom sexual relations is alleged to have been committed be corroborated by other evidence.
See Lodged Doc. No. 4.

[4]CALJIC No. 2.27 provides:
   You should give the uncorroborated testimony of a single witness whatever weight you think it deserves. Testimony by one witness which you believe concerning any fact whose testimony about that fact does not require corroboration is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends.
See Lodged Doc. No.4.

claim of instructional error is one of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief). The instruction was accurate under California law, and Petitioner fails to demonstrate how the instruction infringed on his due process rights. Therefore, this claim too should be rejected.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 29, 2007                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE